**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**
**ex rel. BEVERLY TRAN,**

     **Plaintiff,**

     **v.**

**DETROIT LAND BANK**
**AUTHORITY, et al.,**

     **Defendants.**
_____/

     **Case No. 16-cv-10291**

     **District Judge Avern Cohn**

     **Magistrate Judge Mona K. Majzoub**

**REPORT AND RECOMMENDATION**

Beverly Tran ("Relator") filed this *qui tam* action alleging that Defendants Detroit Land Bank Authority ("DLBA"), Detroit Land Bank Community Development Corporation ("DLBCDC"), the City of Detroit, Mayor Mike Duggan, Wayne County, and Title Source, Inc. violated the False Claims Act, 31 U.S.C. §§ 3729-3733. (Docket no. 30.)  This matter is before the Court on Wayne County's motion to dismiss (docket no. 38), DLBA's and DLBCDC's motion to dismiss (docket no. 42), and Title Source's motion to dismiss (docket no. 44).  Also before the Court are several procedural motions, including Relator's motion to compel corporate disclosures of DLBA and DLBCDC (docket no. 31), Relator's motion for entry of default against DLBA (docket no. 39) and DLBCDC (docket no. 37.), and Defendants' joint motion to stay discovery (docket no. 48).

This matter has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket no. 47.)  The Court has reviewed the pleadings and determined that the

motions will be resolved without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

## I.      RECOMMENDATION

For the reasons that follow, the undersigned recommends that Defendants' motions to dismiss (docket nos. 38, 42, 44) be **GRANTED**, and that this matter be dismissed in its entirety. Accordingly, the pending procedural motions (docket nos. 31, 37, 39, 48) should be **DENIED** as moot.

## II.     REPORT

### A.  Background

Relator Beverly Tran filed this matter under the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), alleging that Defendants "through machination of fraudulent acquisition, administration, demolition, legal fees, levying of taxes, mortgages, all other real estate activities, and manipulation of public records, billed to the federal program of Hardest Hit Funds (HHF) of the Troubled Asset Relief Program (TARP)."  (Docket no. 30, p. 3.)  Relator asserts that she became aware of the alleged fraudulent scheme when she purchased a property at 4239 Tyler Street in Detroit, Michigan through DLBA's public auction website.  (*Id.* at 4.)

The FCA establishes a scheme that permits either the Attorney General, § 3730(a), or a private party, § 3730(b), to initiate a civil action alleging fraud on the Government.  A private enforcement action under the FCA is called a *qui tam* action, with the private party referred to as the "relator."  *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 769, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000).  Such actions are brought in the name of the Government.  § 3730(b)(1).   When a relator initiates such an action, the United States is given 60 days to review the claim and decide whether it will "elect to intervene and proceed with the

2

action," §§ 3730(b)(2), (b)(4); see also § 3730(c)(3) (permitting the United States to intervene even after the expiration of the 60-day period "upon a showing of good cause"). If the United States intervenes, the relator has "the right to continue as a party to the action," but the United States acquires the "primary responsibility for prosecuting the action." § 3730(c)(1). If the United States declines to intervene, the relator retains "the right to conduct the action." § 3730(c)(3).

On April 14, 2017, the United States declined to intervene in this action, but reserved the right to intervene in this action for good cause at a later date, and to seek the dismissal of the Relator's action or certain claims. (Docket no. 10.)

On June 15, 2017, Relator's attorney Crystal Hopkins filed a motion to withdraw as counsel on the basis of a "fundamental and irreparable breakdown in the attorney-client relationship" with Relator. (Docket no. 20.) The Court granted the motion to withdraw, and directed Relator to file an amended complaint "stat[ing], with particularity, the nature of her claims and entitlement to relief against each defendant." (Docket no. 28.) Relator elected to proceed *pro se* and filed an amended complaint. (Docket no. 30.)

Before the Court are Wayne County's motion to dismiss (docket no. 38), DLBA's and DLBCDC's motion to dismiss (docket no. 42), and Title Source's motion to dismiss (docket no. 44). Defendants contend that Relator's amended complaint fails to state a claim on which relief may be granted.

### B. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the

plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume [the] veracity [of the remaining allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

In addressing motions under Rule 12(b)(6), the Sixth Circuit recognizes that, in addition to the allegations of the complaint, the court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008).

### C.  Analysis

Defendants contend that Relator's amended complaint should be dismissed because it fails to state a claim on which relief may be granted.  (Docket nos. 38, 42, 44.)  Among other arguments, Defendants assert that Relator cannot litigate this matter in a *pro se* capacity on behalf of the United States.

In the amended complaint, Relator contends that Defendants defrauded the United States by submitting, or aiding the submission of, false claims for reimbursement under the Hardest Hit Fund ("HHF") in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733.  As set forth above, the FCA establishes a scheme that permits either the Attorney General or a private party to initiate a civil action alleging fraud on the Government.  The United States is a "real party in interest" to an FCA action.  *See U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 935, 129 S. Ct. 2230, 2235, 173 L. Ed. 2d 1255 (2009).  The Supreme Court has compared the *qui tam* procedure of the FCA to English statutes that "allowed informers to obtain a portion of the penalty as a bounty for their information, even if they had not suffered an injury themselves."  *Vermont Agency of Nat. Res.*, 529 U.S. at 775.  Section 3730 provides that "[a] person may bring a civil action for a violation of section 3729 for the person and for the United States Government" and that "[t]he action shall be brought in the name of the Government."  However, nothing in the FCA gives a relator independent, enforceable rights.  *Cf. Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 526, 127 S. Ct. 1994, 2002, 167 L. Ed. 2d 904 (2007) (finding that various provisions of Individuals with Disabilities Education Act "accord parents independent, enforceable rights.")

Thus, Relator seeks to prosecute this action on behalf of the United States, and not on her own behalf.  Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the

parties may plead and conduct their own cases personally or by counsel," that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Because, by definition, *pro se* means to appear on one's own behalf, a person may not appear *pro se* on another person's behalf in the other's cause of action. *Id.* at 970 (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). "Th[is] rule against non-lawyer representation 'protects the rights of those before the court' by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (quoting *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005)).

Accordingly, Relator is not permitted to prosecute this *qui tam* action in a *pro se* capacity. Other courts addressing this question have reached the same conclusion. *United States ex rel. Lu v. Ou*, 368 F.3d 773 (7th Cir. 2004), *abrogated on other grounds by United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009); *United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 F. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants."); *Jones v. Jindal*, 409 F. App'x 356 (D.C. Cir. 2011) ("The district court properly dismissed appellant's complaint because a *pro se* plaintiff may not file a *qui tam* action pursuant to the False Claims Act."); *Carter v. Washtenaw County*, 2010 WL 3222042, at *1 (E.D. Mich. Aug. 13, 2010) (dismissing complaint on screening pursuant to 28 U.S .C. § 1915(e) because the "only potential federal cause of action" was a *qui tam* action under the FCA that could not be brought by a *pro se* relator); *Brantley v. Title First Titling Agency*, 2012 WL

6725592, at *3 (S.D. Ohio Sept. 27, 2012), report and recommendation adopted, 2012 WL 6725591 (S.D. Ohio Dec. 27, 2012).

### D.  Conclusion

For the reasons set forth above, the undersigned recommends that Defendants' motions to dismiss (docket nos. 38, 42, 44) be **GRANTED**, and that this matter be dismissed in its entirety. Accordingly, the pending procedural motions (docket nos. 31, 37, 39, 48) should be **DENIED** as moot.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must

specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: March 12, 2018                  **s/ Mona K. Majzoub**
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Relator Beverly Tran and counsel of record on this date.

Dated: March 12, 2018                  s/ Leanne Hosking
                                       Case Manager

8