UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Ex rel. BEVERLY TRAN,

    Plaintiff,

vs.                                                                 Case No. 16-10291

DETROIT LAND BANK AUTHORITY,              HON. AVERN COHN
CITY OF DETROIT, MIKE DUGGAN,
WAYNE COUNTY CORPORATION,
TITLE SOURCE, INC., DETROIT
LAND BANK COMMUNITY DEVELOPMENT
CORPORATION,

    Defendants.
_____/

# MEMORANDUM AND ORDER
## ADOPTING REPORT AND RECOMMENDATION (Doc. 57)
## AND
## GRANTING DEFENDANTS' MOTIONS TO DISMISS (Docs. 38, 42, 44)
## AND
## DENYING PENDING PROCEDURAL MOTIONS AS MOOT (Docs. 31, 37, 39, 48)
## AND
## DISMISSING CASE

I.

This is a qui tam action by relator/plaintiff Beverly Tran, proceeding pro se,[1] claiming violations of the False Claims Act (FCA). The United States has declined to intervene. See Doc. 10. Tran has named the following as defendants: Detroit Land

---

[1] Tran initially had counsel. Tran's counsel later filed a motion to withdraw (Doc. 20), which the Court granted. (Doc. 28).

Bank Authority (DLBA); Detroit Land Bank Community Development Corporation (DLBCDC); the City of Detroit; Mayor Mike Duggan; Wayne County; and Title Source, Inc.

The matter was referred to the magistrate judge for pretrial proceedings. (Doc. 47). Thereafter, Wayne County filed a motion to dismiss (Doc. 38), DLBA and DLBCDC filed a motion to dismiss (Doc. 42), and Title Source filed a motion to dismiss (Doc. 44). Also, several procedural motions were filed, including Tran's motion to compel corporate disclosures of DLBA and DLBCDC (Doc. 31), Tran's motion for entry of default against DLBA (Doc. 39) and DLBCDC (Doc. 37), and defendants' joint motion to stay discovery (Doc. 48).

The magistrate judge issued a report and recommendation (MJRR), recommending that defendants' motions to dismiss be granted, the procedural motions be denied as moot, and the case dismissed in its entirety. (Doc. 57). Before the Court are Tran's objections to the MJRR. (Doc. 58). For the reasons that follow, the MJRR will be adopted, defendants' motions to dismiss will be granted, and the procedural motions will be denied as moot, and the case will be dismissed.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life

2

tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

### III.

The magistrate judge recommends that defendants' motions to dismiss be granted because Tran cannot bring a FCA qui tam action on behalf of the United States as a pro se litigant.[2] In her objections, Tran does not dispute the magistrate judge's conclusion, which is supported by ample authority. However, Tran says that the United States should be required to explain why it chose not to intervene. Tran's argument is not well taken. The United States is not required to provide a reason for not intervening in a qui tam action under the FCA. Rather, it is required only to investigate the action and it "may" intervene. The United States investigated and declined to intervene.

---

[2]Although the City of Detroit and Mayor Mike Duggan answered the amended complaint (Doc. 41), the magistrate judge correctly recommends that the entire case be dismissed because Tran cannot proceed against any defendant.

Accordingly, the MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motions to dismiss (Docs. 38, 42, 44) are GRANTED. The procedural motions (Docs. 31, 37, 39, 48) are DENIED AS MOOT. This case is DISMISSED.

SO ORDERED.

                                                s/Avern Cohn
                                                  AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: March 28, 2018
      Detroit, Michigan